Good morning, your honors. Good morning. May it please the court, I'm Sharon Rancourt and I represent Mr. Galindo and I'd like to reserve two minutes for rebuttal and I will need a pointer or reminder because I'm probably going to lose track of the time clock when I'm getting close. I'll try to help. I really appreciate that. Thank you. To start out, I'd like to say that discretion is not unfettered nor is it absolute. It can be abused and in this case it was. And after conceding that Mr. Galindo, if sentenced today, would be facing a sentence and would receive a sentence 20 years lower than he did back in 2008. Could you stop there for a second because I know that the facing is correct. I don't read the given him that sentence had he been sentencing him today. He said you faced a sentence of that would have been considerably less. But can I tell from this record what the, I don't, I read it pretty carefully. I don't think Judge Ezra ever said, gee, if you were showing up in front of me today on these same facts, I would give you what is the new mandatory minimum as opposed to some other sentence within the guideline range or that he could have given him. I have three answers to that. First, I looked at page 8 of the opinion and I tried as best I could to interpret what was said. And I did interpret, in other words, if defendant were sentenced today, he would receive a sentence that is 20 years less than the original sentence imposed. And the court finds this disparity to be extraordinary and if this were a re-sentence, if this were under a standard where there was a retroactive that applied and it went back for a re-sentencing, I was reading this to say that if that had occurred, Mr. Glendale would have... No pre-sentence report or anything done again. If it had been a do-over sentence. But there's, and there's reasons why that conclusion... We don't read the record the same as you do. Do you lose? No. Because there's two other ways to read this record. And one is... I don't read the record the way that you read it either. Well, let me talk about... Maybe you need to tell why you don't lose under other theories. Well, first of all, if we look at the history of this case, the court traditionally was following the guidelines. For example, when it granted the all drugs minus two, the court could have made an analysis under 3553A factors that the automatic reduction didn't apply. And the court actually did apply the all drugs minus two and granted the sentence reduction. Second, when the original sentence was done, the court gave a low end of the guideline sentence on the drug charge, didn't call for an upward departure, didn't even go high end, and then gave the minimum sentences in the stacked 924C. I'm not sure it's dispositive, so I don't want you to get caught in the weeds on this, but we have a judge who's sentencing somebody under a very harsh regime the first time. It's a 30 year sentence. And says, I'm going to do the best I can to minimize the effects of that. So I'm going to put him at the lower end of the guidelines and do everything I can because I think that sentence is too long. We have a judge in a different circumstance now. A judge who says there's been a reason to re-sentence and I might not want to count all the things I counted the first time in his favor or end up in the same place. So that's why I'm trying to figure out, and I'm not sure it's dispositive at all, but you keep saying he would have gotten this sentence and I just don't, I don't know that we can conclude that from this record. Well, let me go to the abuse of discretion standard here and what actually happened when Mr. Glendo was sentenced on his compassionate release motion and the way that the opinion was written. What we're arguing is that the court went back and looked at the 3553A factors and what the court focused on primarily were two of those, two factors. One was dangerousness in criminal history and then the court also discussed post-offense rehabilitation. And what we're saying, similar to the case in Johnson, is that the court granted too much weight to one and not the other. It was. That's why I asked that question. We have a judge who's not doing a retroactive re-sentencing and who gave less weight to these things the first time through because he knew your client faced what I thought was an unconscionably harsh sentence. And Judge Ezra apparently agreed. But I'm not sure he has to give the same weight to those factors the did talk about how it was substantively unreasonable. Slightly different standard because our abuse of discretion standard has to do with illogical, implausible, or you can give erroneous weight to various factors. So we're looking at unreasonable nonetheless. There's tons of ways one can describe unreasonable. When I read the decision and looking at dangerousness, there are three ways to look at criminal history. One was the nine criminal history points, which was bumped up at that time to 12. And I think now it will be 10. But criminal history category 5 nonetheless. One was the series of either uncharged or dismissed arrests, some of which did contain crimes of violence. And then one was what were called the severed and dismissed charges, which the court initially said it was not going to consider. And that's important because I can look back at the record and look at the pre-sentence report and look at what happened there, where the attorney for Mr. Galindo objected to the severed charges or the dismissed charges even being considered and was going to call for an evidentiary hearing based on the fact that the attorney believed that one of the sources wasn't credible and that Mr. Galindo was disputing the severed charges. And there wasn't an evidentiary hearing. And when it was So the judge made it very clear. So to the extent that the way the opinion was worded on the compassionate release motion, which talked about history of serious criminal violence, the most violent conduct that would have been an issue here would have been those dismissed, unconsidered charges. I'm trying to figure out whether your argument is procedural or substantive. Are you saying that it would be an abuse of discretion under any circumstances to only reduce the sentence by six years? Or are you saying the judge didn't give good enough reasons to only reduce it by six years? I'm not saying it's a case-by-case basis. And one always has to consider the individual circumstances under the abuse of discretion standard on a compassionate release motion. Well, you wanted to get him out that day. Okay. You wanted to get credit for time served. Didn't, the court didn't go for it. The court gave him six years off his sentence, right? That's correct. So I think you can answer Judge Hurwitz's question, but is it procedural or substantive? You didn't get what you wanted, but is it, what was wrong with the procedure? Well, it's, it's, it's procedural. He got re-sentenced after the first act, first step act. He followed the process in considering the 3553A factors and did, at face value, attempt to make a re-weigh. If there was a procedural error, I believe that there could be two. One is going back and reconsidering in that process a factor which he specifically said he wasn't going to consider. For the first time. The first time. So, but he's, we're now re, he's now re-sentencing under, under a regime where he could give him legally the same sentence he got the first time. But, but. So, so I'm trying to figure out is it, is six years too little in your view or did he not explain well enough in your view why six years was the right number? In, in terms of unpacking where the dangerousness came from and what was being relied on, there was a failure to explain significantly where that happened. It was lumped in and so therefore I tried to unpack it by talking about the criminal history versus the arrest versus the unconsidered, unconsidered conduct. It is, it is disturbing because if we were to go back now on the, on the compassionate release, the attorney doesn't have an opportunity to do an evidentiary hearing. But yes, a hundred fifty month upward departure from the guidelines and even higher if one were to consider the all drugs minus two. You're saying it's a hundred fifty month upward departure from a guideline that would have been applicable had the, maybe, we don't know what the guideline would have been, but you're, you're inferring that, had the act been retroactive. The guideline sentence in this case is whatever guideline sentence was put the first time, the question is whether to reduce that, isn't it? Yes, but it still has to be logical and plausible and consistent and somehow internally consistent. There is an issue with the court who appeared to go back and reweigh a static factor that it said it wasn't going to consider. I know you were trying to save time. I didn't want to use up all your time. No, that's fine. I appreciate, I appreciate that. Thank you. Good morning. Good morning. Maple Leafs Court, Jonathan Slack, United States. The court was just asking Ms. Raincourt, my friend, about the retroactivity, how that affects the analysis in this case. I think that's a very discerning question. I think it's important to start with the default rule and that's that judgments that includes a sentence of imprisonment are final, not modifiable, except in limited circumstances. That's from the Dillon decision cited in page six of the district court's order and that's sort of straightforward principle because sentences reflect societal judgments through the public law that's enforced at the time of the prosecution and they're not ordinarily going to be modified due to subsequent changes in the law. But there was a case, not this case, where the judge said I do find the passage of the First Step Act to be a qualifying extraordinary circumstance and I'll give you a minute off your sentence for that. Will we find an abuse of discretion for that? I think if there's no analysis of the factors. Sure. So now the question is was the judge's analysis of why he ended up at six years, did he make a analysis or a procedural error? So help me with that question. Thank you, Your Honor. I would submit that the judge did not make an error there. Procedurally there was no error. I think at the abuse of discretion standard, obviously you're looking for an issue with the incorrect legal principles stated from the start. Incorrectly applying that to the case or putting weight on facts that don't exist in the record. That's sort of the three metrics you can look for from abuse of discretion. Neither does exist in this case. The court correctly identified the law that applies for capacitive release. The other side, because I don't know if your friend today represented this gentleman at resentencing, did they ask for an evidentiary hearing? I believe in the underlying... At the original sentencing, yes. At the, what I call the resentencing, was did anybody say I'd like an evidentiary hearing to determine whether or not some of these facts actually occurred? I don't think so, Your Honor. That would be in the reply to the capacitive release briefing. I think it was the dismissed conduct, is what it's called, was not mentioned in the opening brief. Obviously it wouldn't favor the appellant. It was mentioned in our response to the motion, but the reply did not address it. I think that's a good point. Can you just respond directly to your friend's argument that it was illogical for the district court to rely upon that conduct when it didn't the first time around, or said that it wouldn't? Yes, Your Honor. So I think it's actually not clear whether the district court considered the conduct. I think if you just look at the four corners of the order, it's not clear whether the court did or not. I would submit the most reasonable interpretation is the court did not consider that conduct, didn't need to, because the remainder of the record included instances of violent criminal conduct by this defendant. For example, on page 7 of the PSR, that talks about counts 9 and 11, where the defendant committed a gunpoint robbery of methamphetamine and car keys. That's threatened violence. Also at PSR, page 11, that describes a physical struggle between the police, the defendant in a crawlspace, crawlspace of the ceiling, which the defendant fell through the ceiling, the struggle continued on the ground. Certainly another example of violence there. And also at PSR, page 8, there's a statement from a witness describing the defendant as being known for strong-arming people, as well as having a signature move of a pistol whip. That's plenty of evidence the court relied upon in terms of describing the histories of violent criminal history. But let's say that the court did, in fact, rely upon it. Would that have, I guess, either been a logical or been some sort of procedural error? I don't think so, Your Honor. I think as an initial matter, it could have been considered in the first sentencing. I think on the record, the court did find it by a preponderance of the evidence before noting it didn't need to consider it. And there's some case law that supports that position, whether you can consider conduct on the dismissed account as relevant conduct at sentencing. And I think, you know, further, the PSR is an objected. The probation office responded. The court ruled on the record. And as was just noted, on the compassionate release motion, it wasn't addressed in the reply brief by the appellant. So I think there's no error there. Another point that's mentioned a lot in the appellant's brief is talk about static factors and giving too much weight or too little weight to certain factors. I would submit that's not an abusive discretionary view of a compassionate release order. That's a de novo reweighing of a factor test. I think that's not the proper standard here. Further, I think there are issues with treating certain factors as static. That strays too much into rigid mathematical formula, which the Supreme Court rejected in Gall as being incompatible with the 3553A factors. We cite the Gall case on page 12 of our brief. So I think the dispute on the static versus non-static factors really is about whether questioning how the court would weigh the 3553A factors present day and get a different sentence than what the appellant is They're relative. They can change over time. And that's what happened in this case. Originally, the guideline sentence was 470 months to 497 months, obviously a massive guideline range. And that was the largest factor in the factor test. That's a factor under 3553A4 is the actual guideline range. And so that factor outweighed the importance of the criminal history and the 30 months. The importance of that factor also decreases. And what's left is the most important factors of the criminal history and the offense conduct in this case. When you say the guideline range decreases down to 230 months, tell me how you get there. I think that's due to, again, the argument the appellant's making in the compassion release motion that there was a change in the law. Right. But no, I understand the argument he's made. I just, I asked the same question of your friend. Do I know what the guideline range is for resentencing? I know there's no mandatory, I know the mandatory minimum is different. Do I know what the guideline range is? Just focus on the drug charge for a moment. Can I tell from this record what the guideline range is? I don't think there is a hard document from the preparation office discussing the analysis behind that. But the court did assume that would sort of be the rough math of the criminal history category and the offense conduct. And I think that's the core of the question. Ms. Rancourt on that issue about what did the court mean exactly, this report mean exactly by saying if the defendant were sentenced today. I take that to mean that's the first step in the compassion release analysis. It's accepting the arguments made by the appellant that there was a change in the law. And you should consider that as an extraordinary and compelling reason to go into the 35 to 33. Yes, I thought that related to the first prong of the test. The record is just not clear on this. This is why I'm asking. I don't know that the judge said, so if I were sentencing you today, here would be the guideline range. And that's what it would be. I think the judge did say in order to consider whether or not this is an extraordinary and compelling circumstance, you could have gotten as little as 10 years, five and five. I don't agree with that. It's sort of accepting the appellant's argument for the sake of argument going to the second step. Yes, I think to compare the first and second step again, the first is really just a rough approximation of what the guidelines come out to, right? And that that is, you know, it's very quick and easy and simple to do. The second step is the 35 to 33 factor test. That's a holistic viewing of the defendant at the day of sentencing. Much more complicated. That is where all the institutional knowledge the district court has of the case of the defendant comes into play. It is the reason for having discretion for the district court in its weighing of the factors, and also why this court has mentioned giving deference to sentencing findings in cases such as Autry. We cite that on page 12 of our brief, as well as the Gaul decision in the Supreme Court. Gaul talks about how a court of appeals finding a different sentence to be appropriate is insufficient for the abuse of discretion standard. Let me ask you one other question. How can I tell how the judge arrived at six years? Normally, when somebody's sentenced, I know this is a resentencing compassionate release, the judge says, let me give you my reasoning, and this is the sentence I arrived at. It has something of a notion as I look at this. Well, I'm going to give you some time off your sentence. Six seems about right. I don't see any reasoning that leads to that specific number, as opposed to a reasoning that rejects your friend's argument that he ought to be released that day. Is that necessary? I do not think it's necessary, Your Honor, to lay out a full treatise with all the details. This is exactly why a six-year deduction is appropriate. I think what we saw here is at least four pages of analysis to the factor test. More than sufficient. Again, it's very hard for the knowledge it has. I think it does matter. I typically reference those sections, Your Honor, by the, I believe, the codification of 3582. Maybe that's what you're talking about as well. I believe one has to do with a retroactive change. The other does not. I think that's a it was having to do with 3582C1B, not C1A, which is compassionate release. C1B, again, is it's about a reduction expressly permitted by statute. That's a retroactive change. So, in my interpretation, is the district court in that situation would have less discretion to come off of the change that Congress has mandated versus uncompassionate release. There is no change. The court's just considering it as part of extraordinary compelling reasons. Well, if it's a 404, this would be a complete resentencing, right? You would get a pre-sentence report, you'd calculate the guidelines, and you'd have to calculate the sentence, correct? I'm not sure, Your Honor, but out of my expertise there. Yeah, but it's a, the act is retroactive and therefore... Entirely possible. There would be a more holistic viewing and analysis from the probation office on that as well. I might have 10 seconds to wrap up, Your Honor, if there's no further questions. Your Honor, there would be additional questions. Thank you for your argument. Thank you. Thank you very much. I'd like to follow up on one thing that Your Honor said specifically. When I thought about this case and where this number, six years, came from, my gut instinct was it was like taking a hat and just putting some numbers in a hat and being like, I mean, pick a number. It was very difficult to tell where that six came from as opposed to... What if he came up with zero? What if he looked at this record and said, hey, you know, you've done a couple of good things since and this is a good reason to look at it again, but now that I look at it again, you know, you're a bad guy and I'm going to give you the original sentence again. Could you come to here and argue that he had abused his discretion? Yes, because even though it's a less stringent standard than substantively unreasonable as in Johnson, the issue is still the same. A co-counsel here or opposing counsel here is correct. Factors are dynamic. The only thing that changed here was post-offense rehabilitation, which was exemplary, including a letter that came... Well, I guess I'm going to push back. It would seem to me there could be circumstances where the person gets to come back, gets to ask for a change, but like what Judge Hurwitz said, you know, hey, what you did was really bad. You're a bad person. You're a danger to, you know, all of the above, and I'm not changing it. I don't think it's automatically an abuse of discretion. Do you have a case that says if you don't get a reduction, it's an abuse of discretion? Not outright because every case is different on its individual circumstances. Right, but so there could be a case where someone got nothing and it's not an abuse, and there could be a case where someone got out that day and it's not an abuse. There could be, but that's not this case because the only changes are the almost 20 years Mr. Glendo has served. He's now advanced age and individuals age out of crime. That's statistically shown, and he's done extraordinary rehabilitation, and as per Chen, the changes in the Staff 924C account for what the guidelines would be, account for the nature and circumstances of the offense. So all of those changes, including— You've gone over your overtime, so wrap it up in 30 seconds. Thank you, Your Honor. We still feel that the six years was in the least abuse of discretion under any standard for the reasons that we stated, and we ask that this case respectfully be remanded. Thank you. Mr. Kelley, can I ask you a question? Oh, sure. And I think this is an easy question to answer. Maybe I'll—I haven't been able to find any case involving a 403 sentencing in which a court of appeals has held that a judge abused his discretion by reducing the sentence not enough, by less than what the person wanted. Do you know of such a case? The case that we cited was a 403. I believe the Johnson case was a 403. 404, right? Or did I have the two mixed up? Johnson was a 404. Right, yeah. Is there a 403 case? Johnson was a 403. I'm sorry, is there a 404 case? Wait, I thought Johnson was— You didn't cite one in your brief. The answer is I don't know. I couldn't find one. Thank you. That's it. I just wanted to make sure. Johnson was a 404. Yeah, I mean, I think we have the numbers reversed. Yeah, yeah, yeah. But without regard to the numbers, I'm just trying to find a case where it's a compassionate release motion and the judge reduced the sentence less than the defendant wanted and a court of appeals has said you abused your discretion. The answer is I don't know, and I know that— And if you—you're a good lawyer, so if you had found one, you would have let us know. I would have let you know. I couldn't find one. That's why I'm asking. Thank you. All right, thank you both for your argument. This case will stand submitted.
judges: CALLAHAN, HURWITZ, THOMAS